UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LUCORE et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA et al.,<br><br>                    Defendants. | Case No.: 16-CV-670-WVG[1]<br><br>**SECOND AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[Doc. No. 23.]** |

For good cause shown, the Court GRANTS the parties' joint motion to extend discovery dates.[2]  Accordingly, all dates in the Scheduling Order at Doc. No. 21 are VACATED in their entirety and **IT IS HEREBY ORDERED**:

      1.      On or before **April 28, 2017**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  The list shall include the name, address, and phone

---

[1] The parties are again advised that the case number has changed to 16-CV-670-WVG.  All future pleadings shall bear the correct case number.

[2] The dates for the parties' "meet and confer pre-trial order," "pretrial order," and "pretrial hearing" were previously vacated and will be reset in the future.  Such dates are tethered to the pretrial hearing, which is currently not scheduled.

number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **May 12, 2017**, any party may supplement its designation in response to any other party's designation so long as the party supplementing its expert designation has not previously retained an expert to testify on that subject. **The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than May 26, 2017**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B). **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.**

3. On or before **June 9, 2017**, any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.

**Except as provided in paragraph 5, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

5. If a party has made a disclosure under Rule 26(a), and "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must supplement or correct its disclosure or response in a "timely manner," pursuant to Fed. R. Civ. P. 26(e)(1).

/ / /

/ / /

6.      All discovery pertaining to facts shall be completed on or before **March 31, 2017**. All discovery pertaining to expert witnesses shall be completed on or before **June 30, 2017**.

"*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions and the resolution of any discovery disputes**.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a).  **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

7.      A Mandatory Settlement Conference shall be conducted on **April 14, 2017**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo.  Counsel shall submit settlement statements **directly to chambers** no later than **April 4, 2017**.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion.  Settlement conference briefs shall comply with the undersigned's Chambers Rules.**  The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named

Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  For good cause, and on *ex parte* application at least one week before the scheduled settlement conference the Court may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel.  The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

/ / /

---

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate.  The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

8. All other pretrial motions must be filed so as to be heard by **July 14, 2017**. Counsel for the moving party must obtain a motion hearing date from the undersigned's law clerk. Failure to make a timely request for a motion date may result in the motion not being heard.

9. The final Pretrial Conference before Judge Lorenz was vacated on July 5, 2016 by Docket No. 12, and this case was re-assigned solely to the undersigned pursuant to the parties' consent to Magistrate Judge jurisdiction. As discussed on the October 12, 2016, status conference, the Court will discuss setting a final Pretrial Conference and related dates before the undersigned at the Mandatory Settlement Conference scheduled above.

10. The parties must review the undersigned's chambers' rules.

11. A post-trial settlement conference may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  February 2, 2017

Hon. William V. Gallo
United States Magistrate Judge