UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LUCORE et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16-CV-670-WVG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE**<br><br>[Doc. No. 25.] |

　　　For the third time, the parties have asked the Court to continue discovery-related deadlines in this case. On December 14, 2016, the parties asked for a 2-month extension of fact and expert discovery deadlines and related dates. [Doc. No. 19.] Then on February 2, 2017, they asked for another 6-week extension of the same deadlines. [Doc. No. 23.] With respect to discovery extensions, the Court's Chambers Rules state: "The Court disfavors continuances, but is amenable to such requests if good cause is shown. Good cause includes, among other things, a showing that the parties have been diligent and have not been dilatory."

　　　Cumulatively, the three Scheduling Orders in this case have allowed 9 months for fact discovery, which is longer than ordinarily afforded other non-complex cases. The Court accommodated the parties' past requests despite making explicit in its Chambers

Rules that continuances are disfavored.  The Court also expected the parties would conclude the discovery process and would not make additional requests.  Not only is this case not complex, it is quite straightforward and should not have required as much time as the Court has granted.  Nine months to complete discovery should have been sufficient.

Given the nature of the case, the length of time granted for discovery, and in light of the two prior extensions the Court granted, the parties have not been diligent in completing whatever discovery is left to be done.  Deadlines have a purpose and concentrate the mind on the task at hand.  It is time for the parties to focus on concluding what discovery remains in the time that remains in this non-complex case.  Accordingly, good cause does not exist, and the parties' request is DENIED.[1]  All dates in the Second Amended Scheduling Order shall remain as set.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

Hon. William V. Gallo
United States Magistrate Judge

---

[1] The Court understands the parties' request is also based, in part, on conflicts with other matters.  However, the Court has the discretion and right to manage its calendar.  As the State courts have exercised their discretion and have denied requests to alter hearings before them, this Court does the same.